# CIRCUIT COURT OF THE CITY OF RICHMOND

Ronald A. Tamol, Sr.

v.

Harriet "Hatsy" Heep Shaffer

Case No. LF-612-1
File No. 99-1024

BY JUDGE MELVIN R. HUGHES, JR.

April 7, 1999

In this confessed judgment case, the debtor has moved to set aside the judgment under the provisions of Va. Code § 8.01-433.

The pertinent part of § 8.01-433 provides for set aside "on any ground which would have been an adequate defense ... in an action at law instituted upon the judgment creditor's note ... ." Here a note was confessed. The note contains a confidentiality provision relative to the obligation created therein and a settlement agreement. Relative here, the confidentiality provision says that if the obligee discloses the settlement, the obligor is released from any further obligation of payment. After the creditor took the confessed judgment for non payment under the terms of the note, the judgment debtor has asked for set aside alleging that the now judgment creditor breached the confidentiality provision. At issue is whether there should be a further hearing to determine the adequacy of the defense raised or is it enough for the debtor to simply assert the defense to have the judgment set aside and have a hearing on the merits of the case later.

The parties represent that the judgment creditor has sought to execute on the judgment in Texas only to be forestalled by this proceeding in Virginia. According to the creditor, the only assets that could satisfy the indebtedness are now in the hands of the Texas court. Counsel suggests that, if the court were to allow a set aside merely on an assertion of a defense, there is a well

founded fear that no other assets to satisfy any judgment will be forthcoming. Counsel for the debtor argues that § 8.01-433 contemplates an assertion of a defense, set aside, and then a full hearing on the merits because the statute directs that after set aside "the case shall be placed on the trial docket of the court … ."

The court is more convinced by the authorities of the creditor for a hearing before the set aside. The statute starts out by saying that a judgment "may be set aside" once the debtor moves that this be done within the prescribed time periods. Here, by competing affidavits, there is a question of whether the noteholder did or did not breach the confidentiality provision. I think here, under the circumstances of this case, the debtor should present sufficient evidence of the defense to establish that indeed there is an adequate defense under the parties' agreements. Thus, the court will not act on the set aside motion unless and until there is a further hearing. Thereupon, the court will determine if any further proceedings within the contemplation of § 8.01-433 are needed.

## May 27, 1999

This confessed judgment case is before the court on defendant's motion to reconsider the ruling emanating from a hearing held April 2 and made in a letter dated April 7.

As I mentioned, my thinking in the April 7 ruling was to continue the motion defendant made pursuant to § 8.01-433 for a further hearing, as plaintiff urged. Upon that hearing, the court would determine whether to order a set aside of the confessed judgment and, if need be, order a hearing on the merits. Reconsidering, the court will order the set aside now on the basis that the judgment debtor has asserted what would be a defense to plaintiff's claim within the provisions of § 8.01-433.

As I also mentioned it has been nearly two months since the motion was brought on. I had hoped that the further hearing on the merits of defendant's motion would have occurred and, if need be, the parties would have a trial set on the merits or the case resolved otherwise based on that defense. Having been reminded that the witnesses on the issue are in at least three places outside the Commonwealth, New Orleans, Austin, and Alabama, I worry about unduly taxing the parties with the expense, time, and effort in marshalling the evidence for the preliminary hearing, as counsel referred to, and then perhaps having yet another hearing on the merits when the same witnesses could be needed again. This procedure is unclear and unduly complicates things when

the statute made and provided is clear — that the court may order a set aside when a defense is raised and then have a trial on the merits. I am also concerned about the procedures in Texas with regard to the assets there that are "frozen" and have remained so for almost two months while the case here is still not resolved.

I do not blame counsel for anything. The court should have been given direct guidelines concerning the nature and scope of the further hearing as opposed to a trial and then if need be how the trial would proceed (although counsel should know what a "trial" entails).

Accordingly, upon defendant's assertion of what could be a defense to plaintiff's claim under the agreement the court will order the set aside and then conduct a trial.